IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DANIEL REEVES,                                    )
on behalf of Dana Reeves,                         )
                                                  )
                    Plaintiff,                    )
                                                  )
         v.                                       )          CV 124-168
                                                  )
THE HONORABLE ROB SHRIVER, OPM                    )
Director, and THE HONORABLE                       )
CHARLOTTE A. BURROWS, EEOC Chair,                 )
                                                  )
                    Defendants.                   )

_____

**O R D E R**

_____

On September 18, 2024, Plaintiff Daniel Reeves filed a complaint on behalf of his

daughter, Dana Reeves, and paid the $405.00 filing fee in the above-captioned case.  (See doc.

no. 1 & dkt. entry.)  The complaint alleges disability discrimination because Dana Reeves has

attempted unsuccessfully to obtain federal government employment over the past ten years.

(See doc. no. 1.)

The complaint alleges Ms. Reeves's disability is "Aspergers Syndrome (Autism)."

(See id. at 4, 14.)  The complaint does not allege any additional facts concerning the severity

of this condition sufficient to determine whether Ms. Reeves is legally incompetent.  Nor does

it allege any court has appointed Mr. Reeves as conservator or guardian for his daughter.

If Ms. Reeves is competent, Mr. Reeves cannot bring suit on her behalf, and she must

file a motion to substitute herself for her father as the real party in interest.  See Fed. R. Civ.

P. 17(a).

If Ms. Reeves is incompetent, her father may bring suit as her court-appointed guardian or conservator or, in the absence of such an appointment, he may bring suit as next friend. Fed. R. Civ. P. 17(c).  However, if Dana Reeves is incompetent, her father cannot represent her *pro se* and, instead, must retain legal counsel to represent her.  FuQua v. Massey, 615 F. App'x 611, 612 (11th Cir. 2015) (*per curiam*) ("The right to appear *pro se* . . . is limited to parties conducting their own cases, and does not extend to non-attorney parties representing the interests of others.  Consequently, we have held that parents who are not attorneys may not bring a *pro se* action on their child's behalf." (quotations omitted)).

Accordingly, to avoid dismissal of this case, Plaintiff must complete one of the following tasks on or before November 17, 2024:

1. If Dana Reeves is competent, she must file a motion to substitute herself as the sole Plaintiff.

2. If Dana Reeves is incompetent, Daniel Reeves must retain legal counsel to file an amended complaint by the same deadline that sufficiently identifies the basis for Daniel Reeves proceeding on behalf of Dana Reeves under Fed. R. Civ. P. 17(c).

Failure to comply with this Order will result in dismissal without prejudice.

SO ORDERED this 17th day of October, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA