IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANIEL REEVES, ) | | |
| on behalf of Dana Reeves, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | CV 124-168 | |
| ) | | |
| THE HONORABLE ROB SHRIVER, OPM ) | | |
| Director, and THE HONORABLE ) | | |
| CHARLOTTE A. BURROWS, EEOC Chair, ) | | |
| ) | | |
| Defendants. ) | | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On September 18, 2024, Plaintiff Daniel Reeves filed a complaint on behalf of his daughter, Dana Reeves, and paid the $405.00 filing fee in the above-captioned case. (See doc. no. 1 & dkt. entry.) The complaint alleges disability discrimination because Ms. Reeves has attempted unsuccessfully to obtain federal government employment over the past ten years. (See doc. no. 1.) Upon initial review of Plaintiff's complaint, the Court observed that while the complaint alleged Ms. Reeves is disabled, the complaint did not establish Ms. Reeves is incompetent such that Mr. Reeves could bring suit on his daughter's behalf under Federal Rule of Civil Procedure 17. (Doc. no. 3, p. 1.) Moreover, the Court noted if Ms. Reeves is incompetent such that Mr. Reeves could proceed on her behalf, he could not do so *pro se*. (Id. at 2.) Accordingly, the Court ordered Plaintiff to complete one of the following tasks on or before November 17, 2024:

Case 1:24-cv-00168-JRH-BKE   Document 4   Filed 11/25/24   Page 2 of 3

1. If Dana Reeves is competent, she must file a motion to substitute herself as the sole Plaintiff.

2. If Dana Reeves is incompetent, Daniel Reeves must retain legal counsel to file an amended complaint by the same deadline that sufficiently identifies the basis for Daniel Reeves proceeding on behalf of Dana Reeves under Fed. R. Civ. P. 17(c).

(Id.)  Moreover, the Court warned Plaintiff failure to comply with this Order will result in dismissal without prejudice.  (Id.)  The time to respond has passed, and Plaintiff has neither complied with the October 17th Order nor otherwise offered any explanation to the Court why Plaintiff has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1(c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v.

2

Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to respond to the Court's October 17th Order, or even to provide the Court with an explanation for Plaintiff's failure to timely respond, amounts not only to a failure to prosecute, but also an abandonment of this case. This is precisely the type of neglect contemplated by the Local Rules. Moreover, the Court cautioned Plaintiff that a failure to respond would be an election to have this case voluntarily dismissed.

In sum, the time to respond has passed, and Plaintiff has not complied with the Court's October 17th Order. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of November, 2024, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA